19033

Dan TRUETT, Appellant, v. William D. LEEKE, Director of the South Carolina Department of Corrections, and the State of South Carolina, *et al.*, Respondents.

(173 S. E. (2d) 374)

*H. Samuel Stillwell, Esq.,* of Greenville, *for Petitioner-Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair, Assistant Attorney General,* of Columbia, *for Re-*

*spondent,*

March 31, 1970.

*Per Curiam:*

The appellant, Dan Truett, sought habeas corpus relief in the circuit court from a sentence of imprisonment imposed upon him in April, 1968, following his plea of guilty to armed robbery. After a full hearing, the relief sought was denied, and he has appealed. After careful consideration of the entire record in the light of the briefs and oral arguments of counsel, we are convinced that the circuit court soundly disposed of the issues raised by the petition and return. Let the order be published, omitting the first two paragraphs, as the opinion of the court.

The Order of Judge Spruill follows:

The petitioner on April 9, 1968, entered a plea of guilty of armed robbery at the Court of General Sessions for Darlington County and was sentenced to serve eighteen years. He is presently incarcerated pursuant to this sentence which was imposed by the Honorable Frank Eppes as Presiding Judge.

The petitioner is one of five young men who were indicted in the fall of 1967 for the offenses of rape and armed robbery,

the two indictments growing out of the same incident which involved an attack upon two young women and their escorts on a rural road near Hartsville, South Carolina. On April 9 the petitioner, as stated above, pled guilty to the charge of armed robbery. Three of his codefendants pled guilty to rape with recommendation of mercy, and the case as to the fifth defendant was not taken up by the Court.

The petitioner from shortly after his arrest in 1967 was represented by Mr. Robert L. Kilgo, a former Solicitor of the Fourth Judicial Circuit, and by his partner, Mr. Leroy M. Want. These attorneys were retained and paid for their representation of the petitioner. The three codefendants who pled to the charge of rape were represented by Court-appointed counsel.

At the beginning of the hearing in Darlington, Mrs. Sloan, as attorney for the petitioner, stated that she was in no way attacking the competency of counsel who represented the petitioner at the time of his plea or the services which they rendered to him. In fact, she stated it to be her position that Mr. Kilgo was of great service to the petitioner and performed his duties to the best interest of the petitioner.

The petitioner attacks his plea, his sentence, and his incarceration pursuant to the sentence and, in so doing raises several questions. The first of these is as to whether the plea of the petitioner was voluntary and, in connection with this, the preliminary question as to whether the proforma transcript of the plea is alone controlling as to its voluntariness. As to the latter question, the State readily concedes that the matter of the voluntariness of the plea is to be determined on the basis of the testimony at the hearing and not merely on the record made at the time of the plea and sentence. Clearly this is correct and the writer has considered the rather voluminous testimony taken at the hearing in Darlington as well as the record made in April, 1968.

Mr. Truett, the petitioner, Mr. Kilgo, his retained counsel, and the Solicitor testified at length at the hearing. On the basis of this testimony the writer is of the opinion that Mr. Truett, acting on the advice of able and experienced counsel, tendered a plea which was free and voluntary. There is no question that he was reluctant to enter a plea but a plea may be ever so reluctantly made and yet be free and voluntary in law. The writer finds that Mr. Truett knew and understood the nature of his action when he tendered the plea and that it was freely and voluntarily made.

Counsel for petitioner raises the question that the petitioner was denied due process of law in that certain comments of the trial judge in chambers indicated that he had prejudged the case and that petitioner's guilt and sentence were pre-determined before the petitioner appeared in Court. In the writer's opinion, this position is not well taken. Even if the remarks of Judge Eppes in chambers, at which time he was admonishing the brother of the petitioner to desist from an alleged course of contacting jurors, are to be given the interpretation placed on them by counsel, the petitioner knew full well that the question of his guilt or innocence was to be passed on by the jury of his peers and was not to be determined by the trial judge. As the case eventuated, the question of his guilt was resolved by his own plea which was freely and voluntarily made. Certainly, the fact that there had been discussion of the range of sentence which would be imposed does not deprive the petitioner of any of his legal rights. Plea bargaining is an old and well established practice and petitioner's counsel admitted for the record, as appears in the transcript, that she was not attacking such practice per se.

Petitioner's counsel seeks relief on the ground that the sentence of eighteen years imposed on the petitioner was so great as to amount to cruel and unusual punishment. In view of the many cases holding that a sentence will not be disturbed where it is within the limits

prescribed by statute, the writer feels that the petitioner is not entitled to any post-trial relief on this basis. In fact, the writer is of the opinion that the sentence imposed was an eminently proper one.

Under queston IV of the brief, appellant argues a point which was not included in the issues presented to the lower court, nor in any exception on this appeal, and is not properly before us.

For the foregoing reasons, the writer is of the opinion that the petitioner is not entitled to the relief sought and that he is properly held in custody by the respondents for the service of the sentence imposed upon him by Judge Eppes on April 9, 1968, and it is so ordered.